## CHILTON v. CABINESS.

1. P C executed several notes payable to S, guardian of Mary H, with R C as his surety. R C married the ward, and became, and was declared a bankrupt. Suit being instituted on the notes against P C, by the assignee in bankruptcy of R C—Held, that as it did not appear that the notes ever passed from the guardian to the bankrupt, or that he had ever come to a final settlement with the guardian, or how the accounts stood between the guardian and his ward, as the ward herself could not have sued at law upon the notes, no such right passed to the assignee in bankruptcy of her husband.

2. Whether a ward, after final settlement with the guardian, can sue at law in his own name, on notes payable to the guardian, without indorsement, *quere.*

Error to the County Court of Benton.

THE defendant in error, as assignee in bankruptcy, declar-ed in assumpsit against Paletiah Chilton, and alledged, that on the 7th of April, 1839, Rezin R. Chilton, before he be-came a bankrupt, with one A. R. Chilton, became the secu-rity of the plaintiff in error, in six promissory notes, under seal, payable to Benjamin Silman, guardian of Mary Harding, which notes amount to $2,696 67. It also avers, that af-terwards, and before the said Rezin R. became a bankrupt, he discharged and satisfied said notes, by marrying the said Mary Harding, the ward of the said Benjamin Silman, whereby the said P. Chilton became liable to pay him the amount of said notes. The declaration also avers, that on the first day of January, 1843, the said Rezin R. Chilton filed his petition in the district court of the United States, for the northern district of Alabama, at Huntsville, praying the benefit of the bankrupt act, passed 19th August, 1841, and that at the ...... term of the said court, 1844, he was declared a bankrupt, whereby also, all his estate, real and per-sonal, and all his rights, credits, and *choses in action*, became and were vested in the plaintiff as assignee in bankruptcy.

There was a judgment by default, and a jury summoned to assess the damages, who returned a verdict for $3,030 72.

To reverse this judgment, the plaintiff assigns for error—

1. The court erred in rendering a judgment by default on the declaration.

2. The court erred in rendering a judgment final on default on this declaration.

MORGAN and RICE, for plaintiff in error.

1. A judgment by default in the court below, is open to the same inquiries in a revising court, as if the case had gone off on a general demurrer to the declaration. 1 Chit. Pl. 674, 683-4; 13 East, 407.

2. The declaration discloses no substantial ground of action in favor of the bankrupt, since the notes were payable to Silman, and the marriage of the security on the notes with the ward of the payee, was not a payment of the notes, and the security having paid nothing upon the debt of the principal, is not entitled to recover against the principal. Burge on Suretyship, 359.

3. The lady was the meritorious cause of action, and should have been joined in the suit.

4. There is no averment in the declaration, that the court which declared Rezin R. Chilton a bankrupt, had jurisdiction of his petition, that a petition was filed, or other necessary steps taken in that court; or that he was declared a bankrupt "in the district where he resided, or had his place of business." Stiles v. Lay, 9 Ala. 797; Sackett v. Andros, 5 Hill, 327.

5. Suit was not brought within two years after R. Chilton was declared a bankrupt. Comegys v. McCord, 11 Ala. R. 932.

6. The marriage at most only annulled the contract as to the security, during the coverture. It could have had no effect on the liability of the principal debtor, for the notes were payable to Silman, as guardian, who stood in the situation of trustee of the wife, and held the legal title to the indebtedness—there is no averment that that the notes were reduced to the possession of the husband during the coverture.

WALKER, contra.

DARGAN, J.—By marriage, the husband is entitled to all the personal property of which the wife was possessed at the time of the marriage, and also to all her choses in action, if he reduce them to possession during her coverture. But if they are not reduced to possession before the dissolution of the marriage, they remain the property of the wife. Andrews & Bros. v. Jones, 10 Ala. 401; 12 Pick. Rep. 173; 11 S. & R. 325; 8 Mass. R. 99. The right then, that the husband takes in the choses in action belonging to the wife, is the right to reduce them to possession during the coverture, and if he do this, they become absolutely his own; if however, the marriage is dissolved, and they are not reduced to possession, they belong to the wife.

By the bankruptcy of the husband, all his estate, real or personal, at law or in equity, passes to the assignee, and he holds the estate, and rights of the bankrupt, by the same title the bankrupt did, and in the same plight and condition. If the bankrupt had a legal title, the title of the assignee is a legal title; if the bankrupt had but an equitable title, the assignee has but an equitable title—and whether his title is legal, or equitable, it is subject in his hands to the same conditions and equities that the title would have been had it not passed from the husband. See Mitford v. Mitford, 9 Vesey, 87; Clancey's H. & W. 127, and the cases there cited.

This being, in my judgment, the correct rule of law, the only inquiry is, whether the bankrupt, Rezin R. Chilton, could, either in his own name, or in the name of himself and his wife, have sustained an action at law, to recover of the plaintiff in error, on the cause of action as described in the declaration?

The notes were given to Benjamin Silman, guardian of Mary Harding. P. Chilton was the principal, and the bankrupt, Rezin R, the security. The declaration does not show that the notes ever passed from the guardian, to R. R. Chilton, or that he has ever come to a final settlement with the guardian, or how the accounts stand betweeen the guardian and his ward. He may be entitled to retain all, or a portion

57

of the notes in his hands, to indemnify himself for advances made on account of the ward, and it is evident that the notes have not been paid, although the legal remedy may be extinguished or suspended. Under these circumstances, before any settlement of the guardianship has been had, or before it is ascertained how the account stands between the guardian and his ward, it cannot be permitted to a ward to sue at law on notes taken by the guardian, in his own name as guardian, and recover, and thus defeat the right the guardian has to retain for advances made to the ward; even if the ward can sue in his own name, on notes given to his guardian, as such, without indorsement, after a final settlement.

We come to the conclusion, that had the suit been brought by the bankrupt and his wife, under the same facts alledged in the declaration, they would not show a legal right of action in them, and consequently the declaration does not show a legal right of action in the assignee.

Let the judgment be reversed and the cause remanded.

CHILTON, J., not sitting.